ORDERED.

**Dated:  June 23, 2016**

_____
Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **PELICAN REAL ESTATE, LLC** | **CASE NO.:  6:16-bk-03817-RAC** |
| **PELICAN PORTFOLIOS, LLC** | **CASE NO.:  6:16-bk-03820-RAC** |
| **PELICAN MANAGEMENT COMPANY, LLC** | **CASE NO.: 6:16-bk-03822-RAC** |
| **SMART MONEY SECURED INCOME FUND, LLC** | **CASE NO.: 6:16-bk-03823-RAC** |
| **SMART MONEY SECURED INCOME FUND MANAGER, LLC** | **CASE NO.: 6:16-bk-03825-RAC** |
| **TURNKEY INVESTMENT FUND, LLC** | **CASE NO.: 6:16-bk-03827-RAC** |
| **TURNKEY INVESTMENT FUND MANAGER, LLC** | **CASE NO.: 6:16-bk-03828-RAC** |
| **ACCELERATED ASSET GROUP, LLC** | **CASE NO.: 6:16-bk-03829-RAC** |

**SMFG, INC.**                                    **CASE NO.: 6:16-bk-03830-RAC**

_____

       **Debtors.**

_____/

### ORDER DIRECTING JOINT ADMINISTRATION OF CASES

THIS CASE came on for hearing on June 22, 2016 of the Debtors' *Emergency Ex Parte Motion for Joint Administration of Cases and Certificate of Necessity* (the "Motion"), filed on June 15, 2016, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), by the above-captioned debtors and debtors-in- possession (collectively, "Debtors") for the joint administration of the Debtors' chapter 11 cases for procedural purposes only.

Upon consideration of the Motion, it appears that joint administration is in the best interests of the Debtors' estates, creditors, and parties in interest and there is sufficient cause to grant the relief requested in the Motion.

Accordingly, it is ORDERED:

1.      The Motion is GRANTED.

2.      The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

3.      Nothing contained in this Order or the Motion shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases. The lead case for purposes of this joint administration shall be PELICAN REAL ESTATE, LLC, Case No. 6:16-bk-03817-RAC (the "Lead Case").

4.      Pleadings in these Chapter 11 cases shall be required to bear a caption substantially in the form of the caption attached hereto as **<u>Exhibit A</u>**.  One consolidated docket,

one creditor matrix, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk, with separate claims registers for each of the Debtors' cases.

5.     Counsel for the Debtors shall provide the Clerk of the Court with a combined matrix which consolidates all of the matrices for the Debtors and a consolidated Local Rule 1007-2 Parties-in-Interest List.

6.     A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case for the joint administration of the chapter 11 bankruptcy cases of Pelican Real Estate, LLC, Case No. 6:16-bk-03817-RAC, and certain of its affiliates and related entities for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The Docket in Case No.: 6:16-bk-03817-RAC should be consulted for all matters affecting the jointly-administered cases.

7.     All papers or pleadings will be docketed in the Lead Case only. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy case as though filed and docketed therein. In instances where the relief requested in a pleading pertains to a specific Debtor, the title, as well as the first paragraph, of the pleading or order shall indicate the specific Debtor to which it applies

8.     A separate monthly financial report shall be filed in the Lead Case for each entity.

9.     One disclosure statement and plan of reorganization may be (but is not required to be) filed for all of the above-listed cases by any plan proponent.

10.     Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

11.     Any interested party may object to this order within twenty-one (21) days from the date of service of this order. If an interested party files such an objection within this time period, the Court will schedule the Motion and objection for hearing on notice to the Debtors, the

United States Trustee, any committee that may be formed and to its counsel, and to the objecting party.

12.    Parties may request joint hearings on matters pending in any of the jointly administered cases.

13.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

*****************************

*Attorney Andrew Layden is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a Proof of Service within 3 days of entry of this order.*

## EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                         **CHAPTER 11**

**PELICAN REAL ESTATE, LLC,** *et al.*          **CASE NO.:  6:16-bk-03817**

    **Debtors.**                                      **Jointly Administered with**
                                                   **CASE NO.: 6:16-bk-03820-RAC;**
                                                   **CASE NO.: 6:16-bk-03822-RAC;**
                                                   **CASE NO.: 6:16-bk-03823-RAC;**
                                                   **CASE NO.: 6:16-bk-03825-RAC;**
                                                   **CASE NO.: 6:16-bk-03827-RAC;**
                                                   **CASE NO.: 6:16-bk-03828-RAC;**
                                                   **CASE NO.: 6:16-bk-03829-RAC; and**
                                                   **CASE NO.: 6:16-bk-03830-RAC**

_____/

5