UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Pelican Real Estate, LLC**, *et al.* | Case No.: 6:16-bk-03817-RAC |
| Debtors. | Jointly Administered with:<br>Case No.: 6:16-bk-03820-RAC;<br>Case No.: 6:16-bk-03822-RAC;<br>Case No.: 6:16-bk-03823-RAC;<br>Case No.: 6:16-bk-03825-RAC;<br>Case No.: 6:16-bk-03827-RAC;<br>Case No.: 6:16-bk-03828-RAC;<br>Case No.: 6:16-bk-03829-RAC; and<br>Case No.: 6:16-bk-03830-RAC |
| _____/ | |

## AMENDED NOTICE OF RULE 2004 EXAMINATION DUCES TECUM

*Maria M. Yip, Examiner*, by the undersigned attorney, will examine **Energy Capital Wilcox Joint Venture** (by the person most knowledgeable of the documents requested in the attached Subpoena) under oath as follows:

**DATE:** January 11, 2017

**TIME:** **10:00** a.m. CT

**LOCATION:** Energy Capital Wilcox Joint Venture
14271 W Peninsula Road
Whitehouse, Texas 75791

The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by this method: Licensed notary/court reporter and/or videographer; **the undersigned attorney may appear telephonically or by video conference**. The scope of the examination shall be as described in Bankruptcy Rule 2004.

Pursuant to Local Rule 2004-1 no order shall be necessary.

[X] Production: The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached **Subpoena**, and must permit inspection, copying, testing, or sampling of the materials. *The examinee is requested to deliver the documents electronically to the undersigned attorney **on or before December 22, 2017.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Notice was filed with the Court and furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court in this case, via electronic mail to Michael Nardella at mnardella@nardellalaw.com as attorney for Energy Capital Wilcox Joint Venture, and by first class U.S. mail, postage prepaid, on all parties listed below, on the 27th day of November, 2017.

Date: November 27, 2017.                    Respectfully submitted,

                                                                     Broad and Cassel, LLP
                                                                     *Attorney for Maria M. Yip, Examiner*
                                                                     One Financial Plaza., Suite 2700
                                                                     100 S.E. 3rd Avenue
                                                                     Fort Lauderdale, Florida 33395
                                                                     Tel: 954.764.7060
                                                                     Email: frank.terzo@broadandcassel.com
                                                                                mlessne@broadandcassel.com

                                                       By: */s/* Michael D. Lessne
                                                            Michael D. Lessne
                                                            Florida Bar No. 73881
                                                            Frank P. Terzo, Esq.
                                                           Florida Bar No. 906263

**Electronic Mail Notice List**

Electronic Mail Notice List
The following is the list of parties who are currently on the list to receive email notice/service for this case.
- Joel M Aresty aresty@icloud.com
- David W Baddley baddleyd@sec.gov
- Leyza F Blanco leyza.blanco@gray-robinson.com, Jennifer.Mahaffey@grayrobinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- Lisa M Castellano lcastellano@bplegal.com, kmurphy@bplegal.com;kpacifico@bplegal.com
- Clifford J Geismar cliffjg@cfl.rr.com
- Elizabeth A Green egreen@bakerlaw.com, jdriggers@bakerlaw.com;OrlBakerDocket@bakerlaw.com;bakerlaw@ecf.courtdrive.com
- Jill E Kelso jill.kelso@usdoj.gov
- Andrew V Layden alayden@bakerlaw.com, jdriggers@bakerlaw.com;OrlBakerDocket@bakerlaw.com
- Michael D Lessne mlessne@broadandcassel.com, jphillips@braodandcassel.com;lnegron@broadandcassel.com
- David J Lisko david.lisko@hklaw.com

- Brian A McDowell brian.mcdowell@hklaw.com, linda.young@hklaw.com
- James H Monroe jhm@jamesmonroepa.com, jamesmonroe@jamesmonroepa.com;assistant@jamesmonroepa.com
- Michael A Nardella mnardella@nardellalaw.com, afebres@nardellalaw.com;msayne@nardellalaw.com
- Rinky S Parwani rinky@parwanilaw.com, kindra@parwanilaw.com
- Robert H Pflueger lucy@rhpflueger.com, rob@rhpflueger.com;r40459@notify.bestcase.com
- Laurence J. Pino ljp@pinonicholsonlaw.com, pat@pinonicholsonlaw.com
- Jeffrey K Possinger jeffrey.possinger@possingerlaw.com, katerina.hardin@possingerlaw.com
- Phillip Ragler phillip.ragler@usdoj.gov, USAFLM.orl_ecf@usdoj.gov
- Martin E Snodgrass msnodgrass@snodgrasslaw.ocm
- ReShaundra M Suggs FLBKECF@mwc-law.com, bkcmecf@cosplaw.com
- Frank P Terzo fterzo@broadandcassel.com, jphillips@broadandcassel.com;lnegron@broadandcassel.com
- Wendy Cramer Townsend wtownsend@bakerlaw.com, jdriggers@bakerlaw.com;egreen@bakerlaw.com;orlbakerdocket@bakerlaw.com;smccoy@bakerlaw.com
- United States Trustee - ORL USTP.Region21.OR.ECF@usdoj.gov
- Nicolette Corso Vilmos nvilmos@broadandcassel.com, lnegron@broadandcassel.com;choward@broadandcassel.com
- Richard B Webber rwebber@zkslawfirm.com, jconcannon@zkslawfirm.com;service@zkslawfirm.com

Manual Notice List (via first class U.S. Mail)
All parties listed on the attached LR 1007-2 matrix

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:16-bk-03817-RAC<br>Middle District of Florida<br>Orlando<br>Tue Aug 22 15:14:10 EDT 2017 | ANDERSON<br>GAA KAA Ventures LLC<br>5719A 123rd Ave SE<br>Snohomish, WA 98290-5539 | Aces Innovations<br>3700 Quebec St<br>#100-200<br>Denver, CO 80207-1638 |
| Alan E. Orcutt, IRA<br>and Alan and Laura Orcutt<br>Snodgrass & Warren, Inc. PS<br>3302 Oakes Ave<br>Everett, WA 98201-4410 | Alan Orcutt<br>12121 Admiralty Way<br>Apt.Q 105<br>Everett, WA 98204-7515 | Alan and Laura Orcutt<br>Alan Orcutt IRA<br>c/o Martin E. Snodgrass<br>3302 Oakes Ave<br>Everett, WA 98201-4410 |
| Art Rasmussen -<br>515 NW Saltzman Rd<br>#874<br>Portland, OR 97229-6098 | Benito & Silva Carranza<br>3142 W Kings Ave<br>Phoenix, AZ 85053-3030 | Benito Carranza<br>Clifford J Geismar<br>2431 Aloma Ave Ste 109<br>Winter Park FL 32792-2541 |
| Brian Fouts -<br>PO Box 662<br>Fall City, WA 98024-0662 | Carol Walton<br>14809 Falconhead Grove Loop<br>Austin, TX 78738-6796 | Dance, Bigelow & Co, PC<br>3492 Long Prairie Rd<br>Suite 100<br>Flower Mound, TX 75022-5086 |
| Danny Ashworth -<br>6192 W Valley View Dr<br>Highlands Ranch, UT 84003-3650 | Dell Business Credit<br>PO Box 6275<br>Carol Stream, IL 60197-6275 | Dennis Hogan<br>PO Box 270<br>Dangriga Belize |
| Elizabeth Phillipson<br>13929 228 St NE<br>Arlington, WA 98223-8589 | Energy Capital Wilcox, JV<br>Michael A. Nardella, Esq.<br>250 East Colonial Drive<br>Suite 102<br>Orlando, Florida 32801-1231 | F&M Bank<br>Richard Blackstone Webber, II<br>315 E. Robinson St Ste 600<br>Landmark Ctr<br>Orlando, FL 32801-4341 |
| FOLKSON<br>SMBF Holdings, LLC<br>43 Rosemont Blvd<br>White Plains, NY 10607-1428 | First Guaranty Mortgage Corporation<br>ReShaundra M. Suggs<br>CLARFIELD, OKON & SALOMONE, P.L.<br>500 South Australian Avenue, Suite 730<br>West Palm Beach, FL 33401-6237 | Gene Tyler Investments LLC<br>c/o Gene Tyler<br>3230 Emerald Lane SW<br>Olympia, WA 98512-7517 |
| Gerald Skousen -<br>13661 Hackamore Dr<br>Draper, UT 84020-8585 | HORM<br>McHorm Investments LLC<br>1308 117th Dr SE<br>Lake Stevens, WA 98258-8559 | Hafsteinn Stefansson<br>PO Box 3186<br>Everett, WA 98213-1186 |
| Hu An Jung<br>No 5, lan 105, Jinghou St<br>Wenshan Dist, Taipei City<br>Taiwan ROC | ISOutsource<br>19119 North Creek Pkwy<br>Suite 200<br>Bothell, WA 98011-8023 | JRA INTERESTS LLC<br>c/o Jessica Allgier<br>5719A 123rd Ave SE<br>Snohomish, WA 98290-5539 |
| Jacob Fouts -<br>5542 Glenmore Dr SE<br>Olympia, WA 98501-4900 | Jeanne Unger<br>3241 Country Club Dr<br>Cameron Park, CA 95682-8603 | Jeffrey Smith -<br>11028 69 St NE<br>Lake Stevens, WA 98258-2047 |

| | | |
|---|---|---|
| Jim Hayes -<br>308 Military Rd E<br>Tacoma, WA 98445-1247 | Jodi Phillppson<br>3839 McKinney Ave<br>#155-762<br>Dallas, TX 75204-1413 | John Schwarzchild<br>c/o James H. Monroe, Esq.<br>P.O. Box 540163<br>Orlando, FL 32854-0163 |
| John Schwarzchild<br>2302 Farnswood Cir<br>Austin TX 78704-4520 | Justin Hanson<br>23 Collins Avenue<br>Randolph, MA 02368-2003 | KATHRYN LEATY LLC<br>3702 206th Pl SW<br>Lynnwood, WA 98036-9363 |
| Kathy Khodi<br>11830 Upland Way<br>Cupertino, CA 95014-5106 | Kevin Davenport<br>3904 Oriental Drive NE<br>Olympia WA 98506-5226 | Lin Yeh-Hung<br>5F, No 13, Ln 1<br>Guanguang St, Banqiao dist<br>New Taipei City 22<br>Taiwan ROC |
| Loren Bolinger<br>12401 10 Dr SE<br>Everett, WA 98208-6510 | MARIA CORNAY<br>BECKER & POLIAKOFF, P.A.<br>Lisa M. Castellano, Esq.<br>1511 N. Westshore Blvd., Suite 1000<br>Tampa, Florida 33607-4591 | Maria Cornay<br>8627 Vintner Ct NE<br>Albuquerque, NM 87122-4220 |
| Maria Yip<br>c/o Nicolette C. Vilmos<br>390 North Orange Ave. Ste. 1400<br>Orlando, FL 32801-1687 | Mervyn Rodricks<br>1405 SE 195 Ave<br>Camas, WA 98607-9580 | Moss Adams LLP<br>2707 Colby Avenue<br>Suite 801<br>Everett, WA 98201-3565 |
| N.A.P. Management, Inc.<br>7525 SE 24th Street<br>Suite 315<br>Mercer Island, WA 98040-2300 | Parwani Law, PA,<br>9905 Alambra Ave.<br>Tampa FL 33619-5060 | Pino Nicholson PLLC<br>PO Box 1511<br>Orlando, FL 32802-1511 |
| Reggie Anderson<br>415 15th St<br>Snohomish, WA 98290-1804 | Robin DelGrosso<br>Joel M. Aresty<br>309 1st Ave S<br>Tierra Verde, FL 33715-2231 | Silvia Carranza<br>Clifford J Geismar<br>2431 Aloma Ave Ste 109<br>Winter Park FL 32792-2541 |
| Smart Money Secured Income Fund, LLC<br>9633 Market Place<br>Suite 201<br>Lake Stevens, WA 98258-7944 | Stimmel-Emstimmel LLC<br>5228 156 St SE<br>Mill Creek, WA 98012-4726 | Tom Duncan<br>3032 56th Ct SE<br>Olympia WA 98501-7104 |
| Tsai Lin Min<br>5F, No 8-8, Aly 5,Ln 50<br>Bashi Rd, Tamsui Dist,<br>Taiwan ROC | Tsai Tung Jung, Hu An Jung, Tsai Lin Min,<br>Lin Yeh Hung, and Acts Innovations, LLC<br>David J. Lisko/Holland & Knight LLP<br>100 N. Tampa Street, Suite 4100<br>Tampa, Florida 33602-3642 | U.S. Securities and Exchange Commission<br>c/o David W. Baddley<br>950 East Paces Ferry Road, NE<br>Suite 900<br>Atlanta, GA 30326-1382 |
| Ultimate Vitality<br>c/o Linell King<br>180 Sharwood Drive<br>Naples, FL 34110-5720 | United States Trustee<br>c/o Jill E. Kelso, Trial Attorney<br>George C. Young Federal Bldg.<br>400 W. Washington St., Suite 1100<br>Orlando  FL 32801-2210 | WORKMAN INVESTMENTS LLC -<br>7812 Melrose Ln SE<br>Snoqualmie, WA 98065-8953 |

Will and Pauline Fox -
3400 W Lake Sammamish SE
Bellevue, WA 98008-5841

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the       End of Label Matrix
name have an email address on file in CMECF         Mailable recipients    60
-------------------------------------------         Bypassed recipients     1
Note: Entries with a '-' at the end of the          Total                  61
name have filed a claim in this case
```

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re:

PELICAN REAL ESTATE, LLC, *et al.*

    Debtors.

Case No. 6:16-bk-03817-RAC
Middle District of Florida

Jointly Administered with:
Case No.: 6:16-bk-03820-RAC;
Case No.: 6:16-bk-03822-RAC;
Case No.: 6:16-bk-03823-RAC;
Case No.: 6:16-bk-03825-RAC;
Case No.: 6:16-bk-03827-RAC;
Case No.: 6:16-bk-03828-RAC;
Case No.: 6:16-bk-03829-RAC; and
Case No.: 6:16-bk-03830-RAC

_____/

To:     **Energy Capital Wilcox Joint Venture**
         **Attn: Daniel Smith, Manager**
         **by the person most knowledgeable of the documents requested below**
         **14271 W Peninsula Road**
         **Whitehouse, Texas 75791**

## SUBPOENA FOR RULE 2004 EXAMINATION

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE: | DATE AND TIME: |
|---|---|
| **Energy Capital Wilcox Joint Venture**<br>**14271 W Peninsula Road**<br>**Whitehouse, Texas 75791** | **January 11, 2017 at 10:00 a.m. CT** |

The examination will be recorded by this method: Licensed notary/court reporter and/or videographer; **the undersigned attorney may appear telephonically or by video conference.**

[X] *Production:* You, or your representatives, must also bring with you to the examination documents, electronically stored information, or objects **described on the attached schedule**, and must permit inspection, copying, testing, or sampling of the material. *The examinee is requested to deliver the documents electronically to the undersigned attorney **on or before December 22, 2017.***

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

CLERK OF COURT

|  | OR | *Michael Lessne* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature* |

The name, address, email address, and telephone number of the attorney representing *Maria M. Yip, Examiner*, who issues or requests this subpoena, are:

> Frank P. Terzo
> Michael D. Lessne
> Broad and Cassel, LLP
> One Financial Plaza., Suite 27000
> Fort Lauderdale, FL 33394
> Telephone: (954) 764-7060
> Email: fterzo@broadandcassel.com
>         mlessne@broadandcassel.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

[X] I served the subpoena by delivering a copy to the named person as follows:

**By electronic Mail on November 22, 2017, to Michael Nardella, who accepted service on behalf of Energy Capital Wilcox Joint Venture.**

[ ] I returned the subpoena unexecuted because:

---

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of **$40.00**.

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A)　*Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B)　*Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C)　*Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D)　*Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE OF DOCUMENTS TO BE PRODUCED

**Instructions:**

If you claim or will claim that some privilege relieves you from producing a document, please supply a privilege log, identifying each privileged document by type, general subject matter, date, author, addressee and other recipients, and—where not readily apparent—the relationship of the author, addressee, and other recipients to each other. Also set forth briefly the legal basis for the claim of privilege.

This request is a continuing one. If after producing documents, you become aware of any further documents responsive to this request, you are requested to produce the additional documents.

**Definitions:**

**"You," "Your," or "Partnership"** refer to Energy Capital Wilcox Joint Venture and any of its affiliates, divisions, and subsidiaries, by whatever names you have used, including as joint owner (with any other entity) or in any other capacity.

**"Basic Energy"** refers to the well services contractor Basic Energy Services.

**"Debtors"** refers to and includes Smart Money Financial Group Inc., Smart Money Secured Income Fund LLC, Accelerated Asset Group Inc., Turnkey Investment Fund LLC, Pelican Management Company LLC, Pelican Portfolios LLC, Pelican Real Estate LLC, Smart Money Secured Income Fund Manager LLC, Turnkey Investment Fund Manager LLC (including any variation of these names) and any of their principals, employees, and agents (specifically including Ron Fossum, Jr. and Jared Crapson).

**"Including"** is not a limiting term.

**"Documents"** means any kind of written, typed, graphic, or recorded matter, however produced or reproduced, of any kind or description whether or not sent or received, including originals and non-identical copies, and including, but not limited to: papers, letters, correspondence, memos, emails, phone texts, bulletins, notices, announcements, schedules ; agendas, instructions, charts, maps, manuals, and brochures; memoranda, notes, notations , transcripts, minutes, reports, and recordings of telephone or other conversations, interviews, conferences, or meetings; pleadings, affidavits, statement s summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, diaries, lists, tabulations, computer print-outs, data processing in-put/out-put, microtext, and all other records kept by electronic, photographic or mechanical means (and including the directories and logs listing electronically stored information); and other things similar . to any of the above.

**"Leases"** refers to any mineral or gas lease in which Energy Capital Fund LLC, Energy Capital Wilcox Joint Venture, or any of their affiliates have or had an interest at any time on or after January 1, 2013 or in which Energy Capital Fund LLC, Energy Capital Wilcox Joint Venture, or any of their affiliates acted as operator.

**"Operator"** refers to the operator of the Energy Capital Wilcox Joint Venture.

**"SRS"** refers to SRS Properties, LLC.

**"The Wells"** refers to the Wilcox 1, 3, 4, and 9 wellbores and the Yoward Well Nos. 3, 4, 7, 9 and the Debose Well #1.

***All requests are limited to the dates of January 1, 2013-present, unless indicated otherwise.**

<u>Documents Requested</u>

1. All subscription agreements (with personal and privileged information redacted) or any Documents showing the number of venturers in You, including their percentage interest in You and how much money was raised total and by each venturer before and after breaking escrow.

2. Any agreements between the oil and gas Operator and You (which may include but not limited to operating agreements, partnership agreements, indemnification agreements, etc.). If no agreements exist please give us the name of the oil and gas Operator, including contact information (including name, address, email, phone, and fax).

3. All Documents that would give rise to any capital calls by either the oil and gas Operator or You, including but not limited to emails, official notices of capital calls, invoices by the oil and gas Operator or the subcontractors of the oil and gas Operator, etc.

4. All Documents in connection with the termination of the Partnership.

5. Any and all Documents reflecting offers made by Energy Capital Fund LLC or any other third parties to purchase outstanding venture interests and any and all Documents by Energy Capital Fund LLC to convert the joint venture participation units into membership interest in Energy Capital Fund LLC.

6. Any and all Documents reflecting any dispute with or claim against Basic Energy Services related to The Wells, or any of them.

7. Any and all Documents reflecting a potential recovery of funds from JC Fodale's insurance policy.

8. The well files from all of The Wells.

9. All documents evidencing or describing Your relationship with SRS.

10. All documents evidencing or describing any agreements You had with SRS.

11. All joint interest billings related to The Wells or The Leases.

12. All division orders sent to any interest holder in The Wells or The Leases, whether signed or unsigned.

13. All AFE documents for work on any/all of The Wells.

14. All communications between You and any/all of Your investors.

15. All invoices, work orders, purchase orders for any work done on any of The Wells since 2008.

16. All invoices, work orders, purchase orders, AFEs, receipts, open reports, daily reports, and rig reports, for any work done by Basic Energy on any/all of The Wells since 2008.

17. Any offers to purchase any of The Wells or The Leases.

18. Any communications regarding the purchase or sale of The Wells, including but not limited to offers or requests for bids.

19. All documents showing how You acquired any interest in each and any of The Leases.

20. All documents showing how You acquired any interest in any of The Wells.

21. All documents showing the formation or formations from which the The Wells produced.

22. All documents showing the amounts You paid to acquire interests in each and any of The Wells.

23. All documents showing or evidencing your workover activities at The Wells.

24. All documents or invoices showing the cost of Your workover activities at The Wells.

25. All documents related to the installation, use, maintenance, or repair of the Energy Wilcox #10 wellbore and casing since 2008.

26. All documents relating to or involving completion, repair, or workover operations conducted on the Energy Wilcox #10 wellbore from 2008 to the present.

27. All documents reflecting production data (including, but not limited to, oil, gas, condensate, water, and wellhead pressure) for The Wells from 2008 through the present.

28. Any and all documents evidencing or reflecting all gross and net profits from The Wells.

29. All documents evidencing the valuation of The Wells.

30. Any and all documents evidencing, reflecting or referring to any reservoir models, tests, surveys or studies (preliminary or otherwise) regarding and/or relating the total reserves from initial drilling to present day for The Wells.

31. All documents showing evidencing any Lease agreements for The Wells.

32. All appraisals of The Wells and The Leases.